IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH QUINN,<br>  Plaintiff | )<br>)<br>) | C.A. No. 17-247 Erie |
| v. | )<br>) | |
| BEST BUY STORES, LP,<br>  Defendant. | )<br>)<br>) | District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

I.   INTRODUCTION

 A.   **Relevant Procedural History**

Plaintiff Kenneth Quinn initiated this action by filing a complaint in the Court of Common Pleas of Erie County, Pennsylvania, on August 8, 2017, against Defendant Best Buy Stores, LP. The action was removed to this Court pursuant to a Notice of Removal filed by Defendant on September 13, 2017. [ECF No. 1]. The complaint asserts claims of disability discrimination and failure to provide reasonable accommodation under both the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* (Counts I and II) and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12133, *et seq.* (Counts III and IV). As relief for his claims, Plaintiff seeks reinstatement of employment with reasonable accommodation, lost wages, and compensatory damages.

Defendant filed an answer to Plaintiff's complaint on September 20, 2017 [ECF No. 4], and the parties have since completed discovery. Presently pending before the Court is Defendant's motion for summary judgment [ECF No. 29], in which Defendant contends that Plaintiff cannot meet his burden of proving that he can perform the essential functions of his former position, with or without reasonable accommodation. Plaintiff has filed a response and brief in opposition to Defendant's motion [ECF Nos. 36, 38], accompanied, *inter alia*, by

1

Plaintiff's Declaration [ECF No. 36-2]. Defendant then filed a reply memorandum in support of its summary judgment motion [ECF No. 43], and Plaintiff has filed a sur-reply brief in opposition [ECF No. 45].

Also pending before the Court is Defendant's motion to strike Plaintiff's Declaration, to the extent it contradicts Plaintiff's deposition testimony [ECF No. 42]. Plaintiff has filed a response to this motion [ECF No. 46], to which Defendant has filed a reply memorandum [ECF No. 48].

These matters are now ripe for disposition.

### **B.** **Relevant Factual History**[1]

Plaintiff is a blind male, approximately 36 years of age. (ECF No. 38, at p. 1). Plaintiff was employed by Defendant at Defendant's store in Erie, Pennsylvania, from June 3, 2012 through September 13, 2013. (ECF No. 31, at ¶¶ 1, 3, 10; ECF No. 36-4, at p. 172). At all relevant times, the General Manager of the store was Christine Gwin ("Gwin"). (ECF No. 31, at ¶ 4). From the first day of his employment with Defendant, Plaintiff was accompanied by his guide dog and was accommodated by a Job Access Windows System ("JAWS") software program that allowed him to read a computer screen. (Id., at ¶¶ 7-8; ECF No. 36-3, Plaintiff's deposition transcript, at pp. 34-37).

Over the course of his employment with Defendant, Plaintiff held the position of Multi-Channel Sales Associate ("MCSA"). (ECF No. 31, at ¶ 10). During the first year of his employment, Plaintiff's duties included talking to customers on the phone, making sales over the phone, and doing customer service type of activities over the phone. (Id., at ¶ 18). Plaintiff did

---

1
The factual history set forth herein is primarily derived from Defendant's concise statement of "undisputed" facts [ECF No. 31], to the extent such facts are not disputed by Plaintiff in his response [ECF No. 41] and/or are fully supported by the record evidence. In addition, to the extent the Court has deemed necessary or appropriate, the factual history has been supplemented by other evidence of record that is uncontradicted.

2

not locate and retrieve products for customers or operate the cash registers. (Id., at ¶ 14). Instead, Defendant claims that other MCSA's took over these responsibilities for Plaintiff, a fact Plaintiff vigorously denies.

In June 2013, Plaintiff was given a performance review by his immediate supervisor, Linda Baskit ("Baskit"), who informed him that he was meeting expectations. (ECF No. 36-4, at p. 72). That same month it was determined by Defendant that all MCSA's would be required to locate and retrieve product and to operate a cash register, which were deemed essential functions of the MCSA position. (Id. at ¶ 19). As a result, Defendant stopped scheduling Plaintiff for work and he was ostensibly placed on a leave of absence pending a determination as to whether reasonable accommodations could be made for him. (Id. at ¶ 21; ECF No. 36-3, at p. 49). Approximately three months later, Plaintiff met with his immediate supervisor, Linda Baskit ("Baskit"), and was presented with a form entitled "Voluntary Separation Notice," indicating that Plaintiff's job was terminated on September 13, 2013, because "The job was changed where Ken is no longer able to do it. The job entails walking & getting product off of shelves & being able to get dot.com pickups." (ECF No. 36-4, at p. 172).

### C. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

**II.     DISCUSSION**

Defendant asserts that all of Plaintiff's claims fail, as a matter of law, because they "are dependent upon Plaintiff proving that he can perform the essential functions of a position with or without reasonable accommodation," which, Defendant contends, he cannot do. (ECF No. 30, Defendant's Brief, at p. 10). At base, the veracity of this contention is dependent upon defining the essential functions of the MCSA position; however, this is a matter of fervent dispute between the parties and is not at all apparent from the record evidence.

According to Defendant, the MCSA position has five primary duties: (1) to answer customer phone calls; (2) to make customer sales over the phone calls; (3) to utilize Best Buy's computer system to assist customers and to make Best Buy sales; (4) to locate and retrieve the product from within the store that customers purchased over the phone; and (5) to handle the

cash register duties when the customer flow in the store requires extra cash registers to be opened. (ECF No. 30, at pp. 11-12). This definition is derived solely from the description offered by Gwin. (ECF No. 32, Gwin Declaration, at ¶ 10; ECF No. 36-4, Gwin deposition transcript, at pp. 43-46, 49, 57). No written description containing the same functions has been submitted by Defendant or is otherwise contained in the record. Instead, the only written description of the position has been provided by Plaintiff, apparently from Defendant's internal website. (ECF No. 36-1). This description also contains five "key MCSA responsibilities," enumerated as follows:

1) Drive profitable sales through the various channels: over the phone, on-line, and in-store.

2) Determine the technology needs of the phone and store pickup customers; provide appropriate hardware, accessories, connections, content, and services (HACCS) solutions. Partner with other departments as necessary.

3) Manage inbound calls by working together with other departments to service the customer. Help answer questions, resolve in-bound customer problems and issues, escalating to management as necessary.

4) Assist phone and store pickup customers that come into the store to pick up their product. Maintain an organized work space while keeping tools readily available and up to date.

5) Ring up merchandise, track sales made, and close sold orders through the use of company regulated systems, software, and processes.

(Id.).

Based on his experience and the foregoing job description, Plaintiff maintains that locating and retrieving products for customers and operating a cash register at the front of the store were not essential functions of the MCSA position.[2] A comparison of the written description and

---

[2] Gwin explained at her deposition that the written description's fifth responsibility to "ring up merchandise" referred to the MCSA's responsibility to ring up over-the-phone sales on one of three registers in the customer service area (ECF No. 36-4, at pp. 48-49), thus lending support to Plaintiff's argument as to the latter function.

5

Gwin's verbal description lends credence to Plaintiff's dispute and, at the very least, presents a genuine issue of material fact that cannot be resolved without weighing the evidence or making credibility determinations that are inappropriate at the summary judgment stage.

In addition, further material incongruities exist in the record. For instance, while Defendant contends that Plaintiff was terminated because he couldn't perform the last two of the five "essential functions" described by Gwin, the record reflects that Defendant had Plaintiff sign a "voluntary separation notice" indicating that Plaintiff was terminating his employment because he was not able to get product off of shelves or to "get dot.com pickups." (ECF No. 36-4). These reasons are then undermined by Gwin's testimony indicating that "dot.com orders were brought up by inventory" personnel, not by an MCSA, and that there was no reason why the inventory personnel could not pull the products Plaintiff sold off the shelves for him, as well. (ECF No. 36-4, at pp. 46, 97). Thus, the reasons formally given for Plaintiff's termination in his separation notice, coupled with Gwin's deposition testimony, raise genuine issues of material fact as to the actual reasons for Plaintiff's termination and the availability of reasonable accommodations for him to continue his employment.

For these reasons alone, Defendant's motion for summary judgment will be denied, and Defendant's motion to strike Plaintiff's declaration will be dismissed as moot.

An appropriate Order follows.